**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

MAGPUL INDUSTRIES CORP.,

        Plaintiff,

v.

ELITE TACTICAL SYSTEMS GROUP, LLC,

        Defendant.

Civil Action No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Magpul Industries Corp. ("Magpul"), for its Complaint against Defendant Elite Tactical Systems Group, LLC ("Defendant" or "ETS"), complains as follows:

### NATURE OF ACTION

1.    This is an action for patent infringement against Defendant arising under the patent laws of the United States, Title 35, United States Code.  Magpul alleges that Defendant infringes U.S. Patent Nos. 8,991,086 and 9,746,264 by making, using, offering to sell, importing, and/or selling certain polymer ammunition magazines.

### THE PARTIES

2.    Magpul is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5408 US Highway 290 West, Austin, TX 78735.

3.    Magpul is a leading designer and manufacturer of high-quality consumer and military-grade products relating to firearms and firearms accessories.  Magpul is an influential lifestyle brand in the firearms industry.  Its products are featured in movies and on television, and Magpul's products are recognized by customers around the world.  Among other things, Magpul

is world renowned for its innovative design for its patented PMAG® polymer ammunition magazines.

4.    Upon information and belief, Defendant is an active Limited Liability Company organized under the laws of the State of Wyoming, with its principal place of business in South Bend, Indiana and a headquarters address at 59683 Market St., South Bend, IN 46614.

## JURISDICTION AND VENUE

5.    This action arises under the patent laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has personal jurisdiction over Defendant because Defendant resides in this District, conducts business in this District, and acts of infringement have been committed within this District.

7.    Venue is proper in this judicial district under 28 U.S.C.§§ 1391(b) and (c) and 28 U.S.C. § 1400(b) because Defendant has a regular and established place of business in this District and has committed acts of infringement within this District.

## PATENTS-IN-SUIT

8.    Magpul is the owner by assignment of U.S. Patent No. 8,991,086 (the "'086 Patent") entitled Ammunition Magazine, issued on March 31, 2015.

9.    Magpul is also the owner by assignment of U.S. Patent No. 9,746,264 (the "'264 Patent") entitled Ammunition Magazine, issued on August 29, 2017.

10.    Copies of the '086 Patent and the '264 Patent are attached as Exhibits A and B, respectively.

## FIRST CLAIM FOR RELIEF

## (INFRINGEMENT OF U.S. PATENT NO. 8,991,086)

11.     Magpul incorporates by reference and realleges each of the allegations set forth above.

12.     ETS, without authority, has made, used, sold, imported, and/or offered to sell, and continues to make, use, sell, import, and/or offer to sell, polymer ammunition magazines that infringe one or more of the '086 Patent's claims, including but not limited to claim 1, such as the ETS 30rd 5.56x45mm NATO/.223 Remington polymer ammunition magazines in all colors and styles, including and not limited to black-, green-, tan- and "smoke"-colored magazines with and without a coupler.  Defendant is directly infringing, literally infringing, and/or infringing the '086 Patent under the doctrine of equivalents.  Defendant is therefore liable for infringement of the '086 Patent pursuant to 35 U.S.C. § 271(a).

13.     ETS infringes on Magpul's exclusive patent rights because Defendant's magazines use the patented interior magazine architecture that is described and claimed by the '086 Patent, comprising a magazine casing with two internal guide rails, a stop tab, and a follower platform with one or more tines, wherein the magazine's two guide rails interface with and guide the follower as it moves upward within the casing.

14.     Upon information and belief, Defendant will continue to directly infringe the '086 Patent unless enjoined.

## SECOND CLAIM FOR RELIEF

### (INFRINGEMENT OF U.S. PATENT NO. 9,746,264)

15.     Magpul incorporates by reference and realleges each of the allegations set forth in paragraphs 1-10 above.

16.     ETS, without authority, has made, used, sold, imported, and/or offered to sell, and continues to make, use, sell, import, and/or offer to sell, polymer ammunition magazines that infringe one or more of the '264 Patent's claims, including but not limited to claim 1, such as the ETS 30rd 5.56x45mm NATO/.223 Remington polymer ammunition magazines in all colors and styles, including and not limited to black-, green-, tan- and "smoke"-colored magazines with and without a coupler.    Defendant is directly infringing, literally infringing, and/or infringing the '264 Patent under the doctrine of equivalents.  Defendant is therefore liable for infringement of the '264 Patent pursuant to 35 U.S.C. § 271(a).

17.     ETS infringes on Magpul's exclusive patent rights because these magazines use the patented interior magazine architecture that is described and claimed by the '264 Patent, comprising a magazine casing with a constant internal curve, an internal center ridge, and a follower platform with at least one tine, wherein the tine's front face presses against the center ridge to help prevent forward linear and axial tilt of the follower.

18.     Upon information and belief, Defendant will continue to directly infringe the '264 Patent unless enjoined.

**PRAYER FOR RELIEF**

Therefore, Magpul prays for judgment:

1.      That Defendant has infringed the '086 and '264 Patents;

2.      That Magpul be awarded damages from patent infringement according to proof and ordering that such damages be multiplied up to treble their amount or, at a minimum, no less than a reasonable royalty;

3.      Preliminarily and permanently enjoining Defendant and all others acting in concert with Defendant from making, using, selling, importing, or offering to sell the infringing ammunition magazines without permission or license from Magpul;

4.      That Defendant be ordered to deliver up to Magpul all ammunition magazines infringing the '086 and '264 Patents that are within Defendant's ownership, possession, or control for destruction by Magpul;

5.      That the Court declare this to be an exceptional case pursuant to 35 U.S.C. § 285, and award reasonable attorney's fees;

6.      That Magpul be awarded its costs of suit and pre- and post-judgment interest on any money judgment;

7.      That Defendant pay Magpul past and future damages under 35 U.S.C. § 284, including and not limited to any supplemental damages arising from any continuing post-verdict infringement between the time of the trial and entry of the final judgment with an accounting as needed; and

8.      For such other legal and equitable relief as the Court deems just and proper.

<u>**DEMAND FOR A JURY TRIAL**</u>

Pursuant to Fed. R. Civ. P. 38(b), Magpul demands a jury trial on all claims to which it has a right to a jury.


Dated: October 18, 2024                    Respectfully submitted,

*/s/ Holiday W. Banta*

Holiday W. Banta
IN Bar No. 17852-49
Ice Miller LLP
One American Square, Suite 2900
Indianapolis, IN  46282
Phone:  317-236-5882
Facsimile:  317-236-2219
h.banta@icemiller.com

Brian E. Mitchell (*pro hac motion forthcoming*)
**MITCHELL + COMPANY**
575 Market Street, 4th Floor
San Francisco, CA 94105
Telephone:  415-860-5382
Brian.mitchell@mcolawoffices.com

*Counsel for Plaintiff Magpul Industries Corp.*