UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MAGPUL INDUSTRIES CORP., <br><br> Plaintiff, <br><br> v. <br><br> ELITE TACTICAL SYSTEMS GROUP, LLC, <br><br> Defendant. | CASE NO. 3:24-cv-00854-DRL-SJF |

**CONSENT JUDGMENT AND ENTRY OF PERMANENT INJUNCTION**

Before the Court is Plaintiff Magpul Industries Corp. ("Magpul") and Defendant Elite Tactical Systems Group, LLC's ("ETS") Joint Motion for Final Consent Judgment and Entry of Permanent Injunction. Pursuant to the parties' Settlement Agreement, the Parties agreed to, and seek to have, the following consent judgment and permanent injunction entered.

IT IS ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this proceeding and personal jurisdiction over Magpul and ETS. 28 U.S.C. §§ 1331, 1338(a), 1391(b) & (c), and 1400(b).

2. Magpul owns United States Patent Nos. 8,991,086 ("the '086 Patent") and 9,746,264 ("the '264 Patent) (collectively the "Patents-in-Suit").

3. The claims of the Patents-in-Suit are valid and enforceable.

4. "Accused Magazine Products" means any ammunition magazine the manufacturing, import, export, use, offer for sale, sale, or distribution or other exploitation or disposition of which would directly or indirectly infringe at least one claim of one or more of the Patents-in-Suit. Accused Magazine Products include the ETS 30-round 5.56x45mm NATO/.223

polymer magazines in various colors and styles, including and not limited to black-, green-, tan-, and "smoke"-colored magazines with and without a coupler.

5. The current versions of the Accused Magazine Products infringe claims 6 and 10 of the '264 Patent and claims 6 and 9 of the '086 Patent.

6. Effective September 1, 2025, ETS and ETS's owners, employees, officers, directors, partners, agents, successors, and assigns, and all other persons in active concert or participation with them, are permanently enjoined from: (i) making, offering to sell, or selling in the U.S., or importing into the U.S., the current versions of the Accused Magazine Products; (ii) inducing others to do so; and (iii) directly or indirectly challenging, or otherwise assisting any third party in challenging, the validity or enforceability of any of the Patents-in-Suit, including in any proceeding to enforce this Consent Judgment and Entry of Permanent Injunction.

7. No later than December 1, 2025, ETS shall make a payment to Magpul of $70,612.50 as a royalty for past sales, which reflects a royalty of $3.50 per Accused Magazine Product sold.

8. Judgment is hereby entered in Magpul's favor against ETS on all claims, counterclaims, and defenses in this action.

9. All remaining claims shall be and hereby are dismissed with prejudice, with each party to bear its own costs, expenses, and fees, provided, however, that the Court shall retain jurisdiction to enforce this Consent Judgment and Entry of Permanent Injunction.

10. This Order shall inure to the benefit of and shall be enforceable by Magpul and its successors and assigns against ETS and ETS's successors and assigns.

IT IS SO ORDERED:

DATED: June 4, 2025               s/ Damon R. Leichty
                                  Hon. Damon R. Leichty
                                  United States District Judge

2